## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | | |
|---|---|---|
| PAULA CALTRIDER | : | |
| Plaintiff, | : | CIVIL ACTION NO. 1:23-cv-536-JMB-PJG |
| v. | : | |
| TEVA SALES AND MARKETING, INC., | : | [ELECTRONICALLY FILED] |
| Defendant. | : | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant, Teva Sales and Marketing, Inc. ("Teva" or "Defendant"),[1] by and through its undersigned legal counsel, hereby files this Answer and Affirmative Defenses to the First Amended Complaint ("Complaint") filed by Plaintiff, Paula Caltrider ("Plaintiff" or "Caltrider"), according to the numbered paragraphs therein, as follows.

## INTRODUCTION

1. There is no pandemic exception to the protections afforded by the Americans with Disabilities Act (the "ADA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), or The Michigan Elliott-Larsen Civil Rights Act of 1976 (the "ELCRA"), MCL 37.2101, *et seq.* Defendant clearly did not understand this when it denied Ms. Caltrider religious and medical exemptions to Respondent's COVID-19 vaccine requirement. Instead of engaging with Ms. Caltrider in the spirit of "bilateral cooperation," Defendant violated the ADA, Title VII, and the

---

[1] Per the Joint Stipulation for Substitution of Defendant and Extension of Deadline for Defendant to File Answer and Affirmative Defenses to Plaintiff's First Amended Complaint, the Parties agree that the originally named defendant, Teva Pharmaceuticals USA, Inc., shall be substituted in this action with Teva Sales and Marketing, Inc. Teva Sales and Marketing, Inc. was Plaintiff's actual employer at certain times relevant to this action.

SL1 1942928v2 030421.00826

ELCRA by terminating Ms. Caltrider based on a purported "undue hardship" even though Ms. Caltrider posed no health threat to her coworkers that could not be mitigated by all safety measures that were put in place during the worst times of the pandemic.

**ANSWER:**

**Paragraph 1 contains legal conclusions to which no answer is required.  To the extent that Paragraph 1 contains factual averments, they are denied.**

## PARTIES AND JURISDICTION

2.      Plaintiff is an individual residing in Haslett, Michigan.

**ANSWER:**

**Defendant lacks sufficient knowledge or information to form a belief as to the truth of the factual averments contained in Paragraph 2; accordingly, they are denied.**

3.      Defendant is an international organization with a principal place of business in the United States located at Parsippany-Troy Hills, New Jersey.

**ANSWER:**

**Admitted in denied in part.  Defendant admits only that its principal place of business is located in Parsippany, New Jersey.  Defendant denies all remaining factual averments contained in Paragraph 3.**

4.      Plaintiff's claims arise out of Defendant's violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e and the Americans with Disabilities Act of 1991 42 U.S.C. § 12102(1).

**ANSWER:**

**Paragraph 4 contains legal conclusions to which no answer is required.  To the extent that Paragraph 4 contains factual averments, they are denied.**

SL1 1942928v2 030421.00826

5.    This Court has general federal question jurisdiction pursuant to 28 U.S.C. § 1331.

**ANSWER:**

**Paragraph 5 contains legal conclusions to which no answer is required.  To the extent that Paragraph 5 contains factual averments, they are denied.**

6.    This matter is not subject to arbitration.

**ANSWER:**

**Paragraph 6 contains legal conclusions to which no answer is required.  To the extent that Paragraph 6 contains factual averments, they are denied.**

7.    Venue is proper under 28 U.S.C. § 1391 because this is the judicial district where a substantial part of the events giving rise to the claims occurred.

**ANSWER:**

**Paragraph 7 contains legal conclusions to which no answer is required.  To the extent that Paragraph 7 contains factual averments, they are admitted in part and denied in part. Defendant admits only that a substantial part of the events giving rise to Plaintiff's claims occurred within the vicinage of the United States District Court for the Western District of Michigan.  Defendant denies all remaining factual averments contained in Paragraph 7.**

8.    Plaintiff filed an Equal Employment Opportunity Commission ("EEOC") Charge of Discrimination alleging religious discrimination and retaliation on April 15, 2022.

**ANSWER:**

**Admitted in part, denied in part.  Defendant admits only that Plaintiff filed a Charge of Discrimination with the EEOC alleging religious discrimination and retaliation.  Defendant denies all remaining factual averments contained in Paragraph 8.**

SL1 1942928v2 030421.00826

9.      Plaintiff received her Right to Sue letter from the EEOC in the past 90 days.

**ANSWER:**

**Defendant lacks sufficient knowledge or information to form a belief as to the truth of the factual averments contained in Paragraph 9; accordingly, they are denied.**

## FACTUAL ALLEGATIONS

10.     Plaintiff was employed by Defendant as a Professional Sales Specialist for until her termination effective February 7, 2022.

**ANSWER:**

**Admitted.**

### Defendant's Mandatory Vaccine Policy

11.     Defendant announced a mandatory COVID-19 vaccine policy for its employees.

**ANSWER:**

**Denied as stated.  Defendant admits that it announced and implemented a COVID-19 vaccination requirement for its employees during the midst of the COVID-19 pandemic; Defendant considered requests for accommodation for employees' alleged sincerely held religious beliefs and alleged disabilities in connection with this requirement.**

12.     Defendant failed to mention in its multiple memorandums regarding the mandate that requesting religious or medical accommodations is a protected legal right for employees.

**ANSWER:**

**Paragraph 12 contains legal conclusions to which no answer is required.  To the extent that Paragraph 12 contains factual averments, they are denied.  The "multiple memorandums regarding the [COVID-19 vaccination] mandate" are written documents that speak for**

4

**themselves, and any attempts by Plaintiff to characterize their contents are expressly denied.**

13.    Defendant required that all employees be fully vaccinated against COVID-19 by November 8, 2021.

**ANSWER:**

**Denied.**

### Plaintiff's Religious and Medical Accommodation Request

14.    Plaintiff seeks to make all decisions, especially those regarding vaccination and other medical decisions, through prayer.

**ANSWER:**

**Defendant lacks sufficient knowledge or information to form a belief as to the truth of the factual averments contained in Paragraph 14; accordingly, they are denied.**

15.    After Plaintiff was hired and credentialed, her physician submitted a letter on her behalf stating that she was unable to get the flu shot.

**ANSWER:**

**Defendant lacks sufficient knowledge or information to form a belief as to the truth of the factual averments contained in Paragraph 15; accordingly, they are denied.**

16.    The credentialing department accepted it into the system and Plaintiff was accommodated immediately without Defendant or a third party contacting her physician.

**ANSWER:**

**Defendant lacks sufficient knowledge or information to form a belief as to the truth of the factual averments contained in Paragraph 16; accordingly, they are denied.**

5

SL1 1942928v2 030421.00826

17.     After the COVID-19 mandate was announced, on November 16, 2021, Plaintiff submitted a religious exemption request for the COVID-19 vaccine, as she believes that her sincerely held religious beliefs would be violated if she received the vaccine.

**ANSWER:**

**Paragraph 17 contains legal conclusions to which no answer is required.  To the extent that Paragraph 17 contains factual averments, they are admitted in part and denied in part. Defendant admits only that after it announced a COVID-19 vaccination requirement for its employees during the midst of the COVID-19 pandemic, Plaintiff submitted a request for accommodation from the requirement on or about November 16, 2021, in the form of an exemption, based on her alleged sincerely held religious beliefs.  The request for accommodation is a written document that speaks for itself, and any attempts by Plaintiff to characterize its contents are expressly denied.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of all remaining factual averments contained in Paragraph 17; accordingly, they are denied.**

18.     Plaintiff also submitted a medical accommodation request as her disability constrains her from receiving the COVID-19 vaccine.

**ANSWER:**

**Paragraph 18 contains legal conclusions to which no answer is required.  To the extent that Paragraph 18 contains factual averments, they are admitted in part and denied in part. Defendant admits only that Plaintiff submitted a request for accommodation from Teva's COVID-19 vaccination requirement, in the form of an exemption, based on her alleged disabilities.  The request for accommodation is a written document that speaks for itself, and any attempts by Plaintiff to characterize its contents are expressly denied.  Defendant**

6

**lacks sufficient knowledge or information to form a belief as to the truth of all remaining factual averments contained in Paragraph 18; accordingly, they are denied.**

19.     Plaintiff submitted a letter from her physician to inform Defendant that she was medically advised not to receive the vaccine.

**ANSWER:**

**Denied.**

20.     Rather than taking the word of Plaintiff's doctor, Defendant had an individual call Plaintiff to evaluate her medical accommodation request.

**ANSWER: Denied.**

21.     This individual represented a third party, WorkForce, on Defendant's behalf.

**ANSWER:**

**Denied.  By way of further response, a third party called WorkCare managed medical / disability-related accommodation requests on behalf of Defendant, though Defendant lacks sufficient knowledge or information to form a belief as to who from WorkCare called Plaintiff.**

22.     This individual failed to listen to Plaintiff about her disability and need for an accommodation. Instead, she told Plaintiff that everyone should receive a vaccination and that people die without it.

**ANSWER:**

**Denied.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments in paragraph 22, and, therefore, Defendant denies the averments.**

23.     Plaintiff promptly sent an email to her human resources representative, Bill Corbett, and filed an incident report to the hotline.

SL1 1942928v2 030421.00826

**ANSWER:**

**Admitted in part, denied in part.  Defendant admits only that Plaintiff emailed Corbett and complained about WorkCare.  Defendant denies the remaining averments in paragraph 23. By way of further response, Defendant is unaware to which "hotline" paragraph 23 refers and, therefore, Defendant lacks sufficient knowledge or information regarding the truth of the averments regarding said hotline.**

24.    Mr. Corbett forwarded the email Plaintiff wrote in confidence to the individuals who comprised the panel that made accommodation decisions.

**ANSWER:**

**Denied.**

25.    On or about November 19, 2021, Defendant's director of North America human resources, Linda Misialek, called Plaintiff and instructed her not to respond to or sign the HIPPA consent form that was provided to her, and that she was looking for a solution for Plaintiff when she returned to work.

**ANSWER:**

**Admitted in part, denied in part.  Defendant admits only that Misialek called Plaintiff. Defendant denies the remaining averments in paragraph 25.**

26.    Plaintiff requested that Defendant name the physician that she spoke to so she could report the physician to the state's medical board for harassment. This request was ignored.

**ANSWER:**

**Denied.  The averments in paragraph 26 are vague, ambiguous, and incapable of a response as phrased.  By way of further response, it is unclear to what "physician" the**

8

SL1 1942928v2 030421.00826

**averments in paragraph 26 refer or who allegedly ignored Plaintiff.  Accordingly,**

**Defendant denies the averments.**

27.    Additionally, Ms. Misialek informed Plaintiff that Defendant was not going to accept any religious exemptions that were submitted.

**ANSWER: Denied.**

28.    On December 1, 2021, Plaintiff returned to work from medical leave.

**ANSWER:**

**Admitted.**

29.    Ms. Misialek never followed up with Plaintiff.

**ANSWER:**

**Denied.**

30.    Plaintiff then reported this interaction to Defendant's hotline.  She did not receive a substantive response.

**ANSWER:**

**Denied.  The reference to "the hotline" is vague, ambiguous and undefined, and Defendant is unaware to what "hotline" this refers.  Accordingly, Defendant denies the averment. Defendant lacks sufficient knowledge or information to form a belief as to any remaining averments in paragraph 30, and, therefore, it denies the averments.**

31.    On January 31, 2022, Plaintiff received a letter from Mr. Corbett, stating "Based on the fact you did not sign and return your HIPPA form as requested on would not be affected, [she] would be open to take the vaccine."

**ANSWER:**

**Denied.**

9

32.     Plaintiff's doctor would not sign the HIPPA as she believed her letter was sufficient.

**ANSWER:**

**Defendant lacks sufficient knowledge or information to form a belief as to the truth of the factual averments contained in Paragraph 32; accordingly, they are denied.**

33.     Mr. Corbett sent Plaintiff an email on February 1, 2022 to inform Plaintiff that if she did not receive the vaccine, her last day of employment would be February 4, 2022.

**ANSWER:**

**Denied as stated.  Defendant admits that Bill Corbett sent Plaintiff an email on February 1, 2022 stating, *inter alia*, that because she refused to sign a medical record release authorization within the required time period, she had to complete either the first dose of the Pfizer or Moderna COVID-19 vaccine or the single dose of the Johnson & Johnson COVID-19 vaccine by February 3, 2022; otherwise, her last day of employment would be February 4, 2022.  Mr. Corbett's February 1, 2022 email to Plaintiff is a written document that speaks for itself, and any attempts by Plaintiff to characterize its contents are expressly denied.  By way of further response, Plaintiff was ultimately terminated from employment on February 7, 2022.**

34.     Defendant failed to continuously engage in the interactive process with Plaintiff regarding her medical accommodation request.

**ANSWER:**

**Paragraph 34 contains legal conclusions to which no answer is required.  To the extent that Paragraph 34 contains factual averments, they are denied.**

SL1 1942928v2 030421.00826

35.     Plaintiff, maintaining both her sincerely held religious beliefs and following her physician's medical advice, did not receive the vaccine, and was subsequently terminated on February 7, 2022.

**ANSWER:**

**Paragraph 35 contains legal conclusions to which no answer is required.  To the extent that Paragraph 35 contains factual averments, they are admitted in part and denied in part. Defendant admits only that because Plaintiff's requested accommodation based on her alleged sincerely held religious beliefs was denied and Plaintiff refused to sign a medical record release authorization in relation to her requested accommodation based on her alleged disabilities, and Plaintiff did not complete either the first dose of the Pfizer or Moderna COVID-19 vaccine or the single dose of the Johnson & Johnson COVID-19 vaccine, Plaintiff was terminated from employment on February 7, 2022.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of all remaining factual averments contained in Paragraph 35; accordingly, they are denied.**

36.     Defendant refused to provide Plaintiff's any specific reason for its denial of her religious and medical accommodation requests and failed to answer any of her questions regarding their determination. Defendant simply stated the sincerely held religious beliefs were accepted, but it would not accommodate Plaintiff.

**ANSWER:**

**Paragraph 36 contains legal conclusions to which no answer is required.  To the extent that Paragraph 36 contains factual averments, they are denied.**

37.     The religious accommodation process mandates "bilateral cooperation" between employer and employee. *Ansonia Bd. of Educ. v. Philabrook,* 479 U.S. 60, 69 (1986).

11

SL1 1942928v2 030421.00826

**ANSWER:**

**Paragraph 37 contains legal conclusions to which no answer is required.  To the extent that Paragraph 37 contains factual averments, they are denied.**

38.     No such "bilateral cooperation" occurred during Defendant's interrogation of its employees or otherwise during the process.

**ANSWER:**

**Paragraph 38 contains legal conclusions to which no answer is required.  To the extent that Paragraph 38 contains factual averments, they are denied.**

39.     The United States Equal Employment Opportunity Commission tells employers that a prototypical example of reasonable accommodation to the vaccine is being "given the opportunity to telework." U.S. EQUAL EMPL. OPPORTUNITY COMM'N, *What You Should Know About COVID-19 and the ADA, the Rehabilitation Act, and Other EEO Laws* (May 28, 2021). "If the employer denies the employee's proposed accommodation, the employer should explain to the employee why the preferred accommodation is not being granted." *Id.* (Mar. 1, 2022).

**ANSWER:**

**Paragraph 39 contains legal conclusions to which no answer is required.  To the extent that Paragraph 39 contains factual averments, they are denied.**

40.     Plaintiff was an excellent performer of her job duties.

**ANSWER:**

**Denied.**

41.     Title VII's statutory definition of "religion" includes "all aspects of religious observance and practice, as well as belief." 42 U.S.C. § 2000e(j).

SL1 1942928v2 030421.00826

**ANSWER:**

**Paragraph 41 contains legal conclusions to which no answer is required.  To the extent that Paragraph 41 contains factual averments, they are denied.**

42.    The U.S. Equal Employment Opportunity Commission ("EEOC") advises employers to "ordinarily assume that an employee's request for religious accommodation is based on sincerely held religious belief, practice, or observance." U.S. EQUAL EMPL. OPPORTUNITY COMM'N, *What You Should Know About COVID-19 and the ADA, the Rehabilitation Act, and Other EEO Laws* (May 28, 2021).

**ANSWER:**

**Paragraph 42 contains legal conclusions to which no answer is required.  To the extent that Paragraph 42 contains factual averments, they are denied.**

43.    An individual's testimony about his or her belief "must be given great weight" and is enough to demonstrate a sincerity. *Seeger,* 380 U.S. at 184 (1965).

**ANSWER:**

**Paragraph 43 contains legal conclusions to which no answer is required.  To the extent that Paragraph 43 contains factual averments, they are denied.**

44.    Plaintiff's religious conviction is highlighted by the fact she remained unvaccinated in the face of termination, losing her livelihood in the process.

**ANSWER:**

**Paragraph 44 contains legal conclusions to which no answer is required.  To the extent that Paragraph 44 contains factual averments, they are denied.**

**Defendant Did Not Base Its Decision on Undue Hardship,
Nor Could It Establish Undue Hardship**

SL1 1942928v2 030421.00826

45.     Pursuant to Title VII, the prohibition against religious discrimination imposes an affirmative duty on employers to reasonably accommodate the religious observances and practices of its employees, unless the employer can demonstrate that such an accommodation would cause undue hardship to the conduct of its business. *Trans World Airlines, Inc. v. Hardison,* 432 U.S. 63, 74 (1977).

**ANSWER:**

**Paragraph 45 contains legal conclusions to which no answer is required.  To the extent that Paragraph 45 contains factual averments, they are denied.**

46.     "The obligation to provide religious accommodations absent undue hardship is a continuing obligation that allows for changing circumstances." Guidance at L.6.

**ANSWER:**

**Paragraph 46 contains legal conclusions to which no answer is required.  To the extent that Paragraph 46 contains factual averments, they are denied.**

47.     Defendant bears the burden to show "that it is unable to reasonably accommodate the employee's religious beliefs without incurring undue hardship." *McDaniel v. Essex Intern., Inc.,* 571 F.2d 338, 341 (6th Cir.1978); *see also Baz v. Walters,* 782 F.2d 701, 706 (7th Cir.1986); *Redmond v. GAF Corp.,* 574 F.2d 897, 901 (7th Cir.1978); *EEOC v. Hacienda Hotel,* 881 F.2d 1504, 1512 (9th Cir.1989).

**ANSWER:**

**Paragraph 47 contains legal conclusions to which no answer is required.  To the extent that Paragraph 47 contains factual averments, they are denied.**

14

48.    In the instant case, Defendant cannot show undue hardship. To date, Defendant has not stated why granting Plaintiff an accommodation poses an undue hardship.

**ANSWER:**

**Paragraph 48 contains legal conclusions to which no answer is required.  To the extent that Paragraph 48 contains factual averments, they are denied.**

49.    Defendant has not explained its criteria for determining whether an accommodation poses an undue hardship.

**ANSWER:**

**Paragraph 49 contains legal conclusions to which no answer is required.  To the extent that Paragraph 49 contains factual averments, they are denied.**

50.    An employer does not satisfy its burden "merely by showing that an accommodation would be bothersome to administer." *Draper v. United States Pipe & Foundry Co.,* 527 F.2d 515, 520 (6th Cir.1975).

**ANSWER:**

**Paragraph 50 contains legal conclusions to which no answer is required.  To the extent that Paragraph 50 contains factual averments, they are denied.**

51.    Without a proffered explanation as to why Defendant would endure undue hardship to accommodate Plaintiff individually, Defendant relies on hypothetical hardships by default.

**ANSWER:**

**Paragraph 51 contains legal conclusions to which no answer is required.  To the extent that Paragraph 51 contains factual averments, they are denied.**

SL1 1942928v2 030421.00826

52.     "A claim of undue hardship cannot be supported by merely conceivable or hypothetical hardships; instead, it must be supported by proof of actual imposition on co-workers or disruption of the work routine." *Townley Eng'g & Mfg. Co.,* 859 F.2d at 615 (9th Cir. 1988).

**ANSWER:**

**Paragraph 52 contains legal conclusions to which no answer is required.  To the extent that Paragraph 52 contains factual averments, they are denied.**

53.     "An employer cannot rely on speculative or hypothetical hardship when faced with an employee's religious objection but, rather, should rely on objective information." Guidance at L.3.

**ANSWER:**

**Paragraph 53 contains legal conclusions to which no answer is required.  To the extent that Paragraph 53 contains factual averments, they are denied.**

54.     Defendant's actions demonstrate a motive to avoid granting religious accommodations. "[A]n employer who acts with the motive of avoiding accommodation may violate Title VII even if [it] has no more than an unsubstantiated suspicion that accommodation would be needed." *Abercrombie & Fitch Stores, Inc.,* 575 U.S. 768, 773, 135 S. Ct. 2028, 2033, 192 L. Ed. 2d 35 (2015).

**ANSWER:**

**Paragraph 54 contains legal conclusions to which no answer is required.  To the extent that Paragraph 54 contains factual averments, they are denied.**

16

**COUNT I**
**VIOLATION OF TITLE VII, 42 U.S.C. § 2000e, *et seq.***
<u>**RELIGIOUS DISCRIMINATION – FAILURE TO ACCOMMODATE**</u>

55.     Plaintiff restates the foregoing paragraphs as set forth fully herein.

**<u>ANSWER:</u>**

**Defendant incorporates and restates its answers to the preceding paragraphs as if set forth fully herein.**

56.     At all times relevant hereto, Plaintiff was an employee and Defendant was her employer for the purposes of 42 U.S.C. § 2000e, *et seq.*

**<u>ANSWER:</u>**

**Paragraph 56 contains legal conclusions to which no answer is required.  To the extent that Paragraph 56 contains factual averments, they are admitted in part and denied in part. Defendant admits only that Plaintiff is a former employee of Defendant.  Defendant denies all remaining factual averments contained in Paragraph 56.**

57.     Title VII of the Civil Rights act of 1964, 42 U.S.C. § 2000e *et seq.,* makes it unlawful for an employer to fail or refuse to reasonably accommodate the religious beliefs and practices of an employee or prospective employee.

**<u>ANSWER:</u>**

**Paragraph 57 contains legal conclusions to which no answer is required.  To the extent that Paragraph 57 contains factual averments, they are denied.**

17

58.     Title VII prohibits an employer from discriminating against an employee "because of such individual's... religion." 42 U.S.C. § 2000e-2(a)(1).

**ANSWER:**

**Paragraph 58 contains legal conclusions to which no answer is required.  To the extent that Paragraph 58 contains factual averments, they are denied.**

59.     This "includes all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that [it] is unable to reasonably accommodate an employee's... religious observance or practice without undue hardship on the conduct of the employer's business." *Id.* § 2000e(j).

**ANSWER:**

**Paragraph 59 contains legal conclusions to which no answer is required.  To the extent that Paragraph 59 contains factual averments, they are denied.**

60.     After receiving an accommodation request, "the employer is obligated by law to engage in interactive process – a meaningful dialogue with the employee[.]" *Chevron Phillips Chem. Co.,* 570 F.3d at 621 (5th Cir. 2009).

**ANSWER:**

**Paragraph 60 contains legal conclusions to which no answer is required.  To the extent that Paragraph 60 contains factual averments, they are denied.**

61.     The employer must act in "good faith," *Id.,* and the employee must "make a good faith attempt to satisfy his needs through means offered by the employer," *Brener v. Diagnostic Ctr. Hosp.,* 671 F.2d 141, 146 (5th Cir. 1982).

18

**ANSWER:**

**Paragraph 61 contains legal conclusions to which no answer is required.  To the extent that Paragraph 61 contains factual averments, they are denied.**

62.    Title VII makes it unlawful for an employer to retaliate against an employee who engaged in protected activity.

**ANSWER:**

**Paragraph 62 contains legal conclusions to which no answer is required.  To the extent that Paragraph 62 contains factual averments, they are denied.**

63.    Plaintiff holds sincere *bona fide* religious beliefs that preclude her from receiving a COVID-19 vaccine.

**ANSWER:**

**Paragraph 63 contains legal conclusions to which no answer is required.  To the extent that Paragraph 63 contains factual averments, Defendant lacks sufficient knowledge or information to form a belief as to the truth of these averments; accordingly, they are denied.**

64.    Plaintiff informed Defendant of those beliefs and requested religious accommodation from the vaccine mandate.

**ANSWER:**

**Paragraph 64 contains legal conclusions to which no answer is required.  To the extent that Paragraph 64 contains factual averments, they are admitted in part and denied in part. Defendant admits only that after it announced a COVID-19 vaccination requirement for its employees during the midst of the COVID-19 pandemic, Plaintiff submitted a request for accommodation from the requirement on or about November 16, 2021, in the form of an**

19

SL1 1942928v2 030421.00826

**exemption, based on her alleged sincerely held religious beliefs.  The request for accommodation is a written document that speaks for itself, and any attempts by Plaintiff to characterize its contents are expressly denied.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of all remaining factual averments contained in Paragraph 64; accordingly, they are denied.**

65.     Defendant refused to engage in the interactive process with Plaintiff regarding her religious accommodation requests.

**ANSWER:**

**Paragraph 65 contains legal conclusions to which no answer is required.  To the extent that Paragraph 65 contains factual averments, they are denied.**

66.     Under Title VII, Plaintiff can establish a *prima facie* case of religious discrimination based on a failure to accommodate by showing: (1) she has a *bona fide* religious belief that conflicts with an employment requirement; (2) about which she informed the [Defendant]; and (3) she suffered an adverse employment action for failing to comply with the conflicting employment requirement. *Ansonia Bd. of Educ. v. Philbrook,* 479 U.S. 60, 69 (1986).

**ANSWER:**

**Paragraph 62 contains legal conclusions to which no answer is required.  To the extent that Paragraph 62 contains factual averments, they are denied.**

67.     Multiple accommodations could have been offered to Plaintiff. They include mask wearing and periodic testing for COVID-19—the very same accommodations being offered to virtually every public and private employee in the State of Michigan.

SL1 1942928v2 030421.00826

**ANSWER:**

**Paragraph 67 contains legal conclusions to which no answer is required.  To the extent that Paragraph 67 contains factual averments, Defendant lacks sufficient knowledge or information to form a belief as to the truth of what accommodations are "being offered to virtually every public and private employee in the state of Michigan"; accordingly, they are denied.  Defendant denies all remaining factual averments contained in Paragraph 67.**

68.    A "[r]easonable accommodation is by its terms most logically construed as that which presently, or in the immediate future, enables the employee to perform the essential functions of the job in question." *Myers v. Hose,* 50 F.3d 278, 283 (4th Cir. 1995).

**ANSWER:**

**Paragraph 68 contains legal conclusions to which no answer is required.  To the extent that Paragraph 68 contains factual averments, they are denied.**

69.    Defendant would not suffer undue hardship by granting Plaintiff an accommodation. 42 U.S.C. § 2000e(j).

**ANSWER:**

**Paragraph 69 contains legal conclusions to which no answer is required.  To the extent that Paragraph 69 contains factual averments, they are denied.**

70.    The issue became moot when Defendant failed to engage each employee in "a meaningful dialogue" about the accommodation request and learn whether an acceptable accommodation would impose undue hardship. *Chevron Phillips Chem. Co.,* 570 F.3d at 621 (5th Cir. 2009).

21

**ANSWER:**

**Paragraph 70 contains legal conclusions to which no answer is required.  To the extent that Paragraph 70 contains factual averments, they are denied.**

71.     Instead, Defendant announced a one-size-fits all approach to accommodation that deprived Plaintiff of the conversation necessary to discover what accommodations were possible. *Bultemeyer v. Fort Wayne Cmty. Schs.,* 100 F.3d 1281, 1285 (7th Cir. 1996) ("courts should look for signs of failure to participate in good faith or failure by one of the parties to help the other party determine what specific accommodations are necessary" and "[a] party that fails to communicate... may also be acting in bad faith").

**ANSWER:**

**Paragraph 71 contains legal conclusions to which no answer is required.  To the extent that Paragraph 71 contains factual averments, they are denied.**

72.     Irrespective of the interactive process, Defendant failed to provide Plaintiff with reasonable accommodations for her religious beliefs.

**ANSWER:**

**Paragraph 72 contains legal conclusions to which no answer is required.  To the extent that Paragraph 72 contains factual averments, they are denied.**

73.     Defendant thereby discriminated against Plaintiff because of her religious beliefs.

**ANSWER:**

**Paragraph 73 contains legal conclusions to which no answer is required.  To the extent that Paragraph 73 contains factual averments, they are denied.**

SL1 1942928v2 030421.00826

74.     Defendant's failure to provide religious accommodations has harmed and will continue to harm Plaintiff.

**ANSWER:**

**Paragraph 74 contains legal conclusions to which no answer is required.  To the extent that Paragraph 74 contains factual averments, they are denied.**

75.     As a direct and proximate result of Defendant's violation of Title VII Plaintiff has suffered emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment, and the physical effects associated therewith, and will so suffer in the future.

**ANSWER:**

**Paragraph 75 contains legal conclusions to which no answer is required.  To the extent that Paragraph 75 contains factual averments, they are denied.**

76.     As a further direct and proximate result of Defendant's violation of Title VII, Plaintiff has been denied employment and placed in financial distress and have suffered a loss of earnings and benefits, and a loss of and impairment of her earning capacity and ability to work and will so suffer in the future; she has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

**ANSWER:**

**Paragraph 76 contains legal conclusions to which no answer is required.  To the extent that Paragraph 76 contains factual averments, they are denied.**

77.     By failing to engage in the interactive process or offer any reasonable accommodation, Defendant's discriminatory actions were intentional and/or reckless and in violation of Title VII.

23

**ANSWER:**

**Paragraph 77 contains legal conclusions to which no answer is required.  To the extent that Paragraph 77 contains factual averments, they are denied.**

## COUNT II
### VIOLATION OF TITLE VII, 42 U.S.C. § 2000e, *et seq.*
### DISPARATE TREATMENT DISCRIMINATION

78.    Plaintiff restates the foregoing paragraphs as set forth fully herein.

**ANSWER:**

**Defendant incorporates and restates its answers to the preceding paragraphs as if set forth fully herein.**

79.    "To assert a successful claim of religious discrimination . . . a plaintiff must either present direct evidence of discrimination, or, in the absence of direct evidence, present a prima facie case of indirect discrimination by showing (1) they were a member of a protected class, (2) they experienced an adverse employment action (3) they were qualified for the position, and (4) they were replaced by a person outside of the protected class or were treated differently than similarly situated employees." Tepper v. Potter, 505 F.3d 508, 515 (6th Cir. 2007).

**ANSWER:**

**Paragraph 79 contains legal conclusions to which no answer is required.  To the extent that Paragraph 79 contains factual averments, they are denied.**

80.    Plaintiff espoused religious beliefs and is therefore a member of a protected class.

**ANSWER:**

**Paragraph 80 contains legal conclusions to which no answer is required.  To the extent that Paragraph 80 contains factual averments, Defendant lacks sufficient knowledge or**

24

information to form a belief as to the truth of these averments; accordingly, they are denied.

81.   Defendant directly discriminated against Plaintiff by terminating them after they stated their sincerely held religious beliefs that conflicted with Defendant's subjected standard of religiosity.

**ANSWER:**

**Paragraph 81 contains legal conclusions to which no answer is required.  To the extent that Paragraph 81 contains factual averments, they are denied.**

82.   Defendant allowed other unvaccinated employees without Plaintiff's same religious beliefs to be exempted from Defendant's vaccine mandate policy.

**ANSWER:**

**Paragraph 82 contains legal conclusions to which no answer is required.  To the extent that Paragraph 82 contains factual averments, Defendant lacks sufficient knowledge or information to form a belief as to the truth of these averments; accordingly, they are denied.**

83.   It is undisputed that Plaintiff was qualified for the position.

**ANSWER:**

**Denied.**

84.   Plaintiff was treated differently than similarly situated employees with different religious beliefs who were allowed to continue working despite not being vaccinated.

**ANSWER:**

**Paragraph 84 contains legal conclusions to which no answer is required.  To the extent that Paragraph 84 contains factual averments, Defendant lacks sufficient knowledge or**

25

SL1 1942928v2 030421.00826

**information to form a belief as to the truth of these averments; accordingly, they are**

**denied.**

85.    Plaintiff was terminated and replaced with a person of different religious beliefs.

**ANSWER:**

**Admitted in part, denied in part.  Defendant admits only that Plaintiff's employment was**

**terminated and that Teva hired a sales representative to cover the same territory.**

**Defendant lacks sufficient knowledge or information to form a belief regarding that sales**

**representative's religious beliefs, and, therefore, Defendant denies that averment.**

86.    Plaintiff has suffered emotional and physical distress, mental and physical

anguish, loss of reputation, humiliation, embarrassment, and the physical effects associated

therewith because of the denial of her requests, and will so suffer in the future.

**ANSWER:**

**Paragraph 86 contains legal conclusions to which no answer is required.  To the extent that**

**Paragraph 86 contains factual averments, they are denied.**

**COUNT III**
**VIOLATION OF ELCRA, MCL 37.2101, *et seq.***
**DISPARATE TREATMENT AND INTENTIONAL DISCRIMINATION**

87.    Plaintiff restates the foregoing paragraphs as set forth fully herein.

**ANSWER:**

**Defendant incorporates and restates its answers to the preceding paragraphs as if set forth**

**fully herein.**

88.    Plaintiff holds sincere religious beliefs that conflict with Defendant's COVID-19

vaccine mandate.

26

**ANSWER:**

**Paragraph 88 contains legal conclusions to which no answer is required.  To the extent that Paragraph 88 contains factual averments, Defendant lacks sufficient knowledge or information to form a belief as to the truth of these averments; accordingly, they are denied.**

89.     Plaintiff informed Defendant how these sincerely held religious beliefs conflicted with Defendant's COVID-19 vaccine mandate.

**ANSWER:**

**Paragraph 89 contains legal conclusions to which no answer is required.  To the extent that Paragraph 89 contains factual averments, they are admitted in part and denied in part. Defendant admits only that after it announced a COVID-19 vaccination requirement for its employees during the midst of the COVID-19 pandemic, Plaintiff submitted a request for accommodation from the requirement on or about November 16, 2021, in the form of an exemption, based on her alleged sincerely held religious beliefs.  The request for accommodation is a written document that speaks for itself, and any attempts by Plaintiff to characterize its contents are expressly denied.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of all remaining factual averments contained in Paragraph 89; accordingly, they are denied.**

90.     "To assert a successful claim of religious discrimination . . . a plaintiff must either present direct evidence of discrimination, or, in the absence of direct evidence, present a *prima facie* case of indirect discrimination by showing that the employee (1) was a member of a protected class; (2) experienced an adverse employment action; (3) was qualified for the position; and (4) was replaced by a person outside of the protected class or that the employee

27

was treated differently than similarly situated employees." *Tepper v. Potter,* 505 F.3d 508, 515 (6th Cir. 2007).

**ANSWER:**

**Paragraph 90 contains legal conclusions to which no answer is required.  To the extent that Paragraph 90 contains factual averments, they are denied.**

91.    Defendant directly discriminated against Plaintiff based on termination after the employee espoused sincerely held religious beliefs that conflicted with Defendant's policy.

**ANSWER:**

**Paragraph 91 contains legal conclusions to which no answer is required.  To the extent that Paragraph 91 contains factual averments, they are denied.**

92.    Defendant allowed other unvaccinated employees without Plaintiff's same religious beliefs to be exempted from Defendant's vaccine mandate policy.

**ANSWER:**

**Paragraph 92 contains legal conclusions to which no answer is required.  To the extent that Paragraph 92 contains factual averments, Defendant lacks sufficient knowledge or information to form a belief as to the truth of these averments; accordingly, they are denied.**

93.    Plaintiff's sincerely held religious beliefs qualify the employee as a member of a protected class.

**ANSWER:**

**Paragraph 93 contains legal conclusions to which no answer is required.  To the extent that Paragraph 93 contains factual averments, Defendant lacks sufficient knowledge or**

SL1 1942928v2 030421.00826

information to form a belief as to the truth of these averments; accordingly, they are denied.

94.    Defendant placed Plaintiff on unpaid suspension before ultimately terminating Plaintiff.

**ANSWER:**

**Denied.**

95.    Plaintiff was qualified for the position.

**ANSWER:**

**Denied.**

96.    Plaintiff was treated differently than similarly situated employees with different religious beliefs who were allowed to continue working despite being unvaccinated.

**ANSWER:**

**Paragraph 96 contains legal conclusions to which no answer is required.  To the extent that Paragraph 96 contains factual averments, Defendant lacks sufficient knowledge or information to form a belief as to the truth of these averments; accordingly, they are denied.**

97.    Plaintiff was terminated and replaced with a person of different religious beliefs.

**ANSWER:**

**Admitted in part, denied in part.  Defendant admits only that Plaintiff's employment was terminated and that Teva hired a sales representative to cover the same territory. Defendant lacks sufficient knowledge or information to form a belief regarding that sales representative's religious beliefs, and, therefore, Defendant denies that averment,**

SL1 1942928v2 030421.00826

98.     Defendant also terminated Plaintiff based on Defendant's own subjective standard of religiosity, thus directly discriminating against Plaintiff's unique sincerely held spiritual beliefs.

**ANSWER:**

**Paragraph 98 contains legal conclusions to which no answer is required.  To the extent that Paragraph 98 contains factual averments, they are denied.**

99.     EEOC Guidance states that ("[t]he definition of 'religion' under Title VII protects both traditional and nontraditional religious beliefs . . . including those that may be unfamiliar to employers.")

**ANSWER:**

**Paragraph 99 contains legal conclusions to which no answer is required.  To the extent that Paragraph 99 contains factual averments, they are denied.**

100.     The law on religious discrimination states that religious beliefs need not be "acceptable, logical, consistent or comprehensible to others" and the law "leaves little room for a party to challenge the religious nature of an employee's professed beliefs."). *E.E.O.C. v. Union Independiente de la Autoridad de Acueductos y Alcantarillados de Puerto Rico,* 279 F.3d 49, 56 (1st Cir. 2002).

**ANSWER:**

**Paragraph 100 contains legal conclusions to which no answer is required.  To the extent that Paragraph 100 contains factual averments, they are denied.**

101.     Defendant defied the law when it determined that some religious beliefs of its employees were valid and while others were bogus.

30

**ANSWER:**

**Paragraph 101 contains legal conclusions to which no answer is required.  To the extent that Paragraph 101 contains factual averments, they are denied.**

102.    In discovery, Plaintiff will be able to investigate which types of religious beliefs Defendant found were acceptable and which types of religious beliefs Defendant discriminated against, thereby establishing evidence probative of discriminatory intent.

**ANSWER:**

**Paragraph 102 contains legal conclusions to which no answer is required.  To the extent that Paragraph 102 contains factual averments, they are denied.**

103.    Plaintiff has suffered emotional and physical distress, mental and physical anguish, loss of reputation, humiliation, embarrassment, and the physical effects associated therewith because of the termination and will so suffer in the future.

**ANSWER:**

**Paragraph 103 contains legal conclusions to which no answer is required.  To the extent that Paragraph 103 contains factual averments, they are denied.**

**COUNT IV**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**
**DISABILITY DISCRIMINATION—DISCRIMINATION AND RETALIATION**

104.    Plaintiff restates the foregoing paragraphs as set forth fully herein.

**ANSWER:**

**Defendant incorporates and restates its answers to the preceding paragraphs as if set forth fully herein.**

31

SL1 1942928v2 030421.00826

105.    Plaintiff had a "disability" as defined in 42 U.S.C. § 12102(1).

**ANSWER:**

**Paragraph 105 contains legal conclusions to which no answer is required.  To the extent that Paragraph 105 contains factual averments, they are denied.**

106.    Plaintiff was regarded as having a disability under 42 U.S.C. § 12102(3)(A).

**ANSWER:**

**Paragraph 106 contains legal conclusions to which no answer is required.  To the extent that Paragraph 106 contains factual averments, they are denied.**

107.    Plaintiff submitted a letter from her physician to Defendant which stated that she was medically advised not to receive the vaccine and that she needed a medical accommodation.

**ANSWER:**

**Defendant lacks sufficient knowledge or information to form a belief as to the truth of the factual averments contained in Paragraph 107; accordingly, they are denied.**

108.    Defendant was legally required to engage Plaintiff in an interactive process before terminating her.

**ANSWER:**

**Paragraph 108 contains legal conclusions to which no answer is required.  To the extent that Paragraph 108 contains factual averments, they are denied.**

109.    Defendant failed to continually engage in an interactive process with Plaintiff following the end of her short-term accommodation.

**ANSWER:**

**Paragraph 109 contains legal conclusions to which no answer is required.  To the extent that Paragraph 109 contains factual averments, they are denied.**

SL1 1942928v2 030421.00826

110.    Defendant discriminated against Plaintiff on account of her "actual or perceived" disability when she was terminated on June 20, 2022.

**ANSWER:**

**Paragraph 110 contains legal conclusions to which no answer is required.  To the extent that Paragraph 110 contains factual averments, they are denied.**

111.    Defendant's actions were knowing and willful.

**ANSWER:**

**Paragraph 111 contains legal conclusions to which no answer is required.  To the extent that Paragraph 111 contains factual averments, they are denied.**

112.    Plaintiff has suffered feelings of depression, emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment, and the physical effects associated therewith, and will so suffer in the future, as a direct and proximate result.

**ANSWER:**

**Paragraph 112 contains legal conclusions to which no answer is required.  To the extent that Paragraph 112 contains factual averments, they are denied.**

113.    Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits, and a loss of and impairment of her earning capacity and will so suffer in the future; she has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future, as a direct and proximate result of the violation.

**ANSWER:**

**Paragraph 113 contains legal conclusions to which no answer is required.  To the extent that Paragraph 113 contains factual averments, they are denied.**

33

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

a.   Compensatory damages for monetary and non-monetary loss;

b.   Exemplary and punitive damages;

c.   Prejudgment interest;

d.   Attorneys' fees and costs; and

e.   Such other relief as in law or equity may pertain.

**ANSWER:**

**The prayer for relief following Paragraph 113 contains legal conclusions to which no answer is required.  To the extent that the prayer for relief contains factual averments, they are denied.  To the extent that a response to the prayer for relief is nonetheless deemed required, Defendant denies that it is liable or indebted to Plaintiff for any relief, and specifically denies that it is liable or indebted to Plaintiff for compensatory damages for monetary and non-monetary loss, exemplary and punitive damages, prejudgment interest, attorney's fees and costs, or any other relief.  By way of further answer, Defendant demands judgment in its favor: (i) Dismissing the Complaint with prejudice; (ii) Awarding Defendant its costs, disbursements, and reasonable attorney's fees; and (iii) Awarding Defendant such other and further relief as the Court deems just and proper.**

## AFFIRMATIVE DEFENSES

1.  The Complaint fails to state a claim upon which relief may be granted.

2.  Plaintiff failed, or may have failed, to exhaust her administrative remedies in whole or in part.

SL1 1942928v2 030421.00826

3. Plaintiff's claims are or may be barred, in whole or in part, by the doctrines of laches, unclean hands, waiver and/or estoppel.

4. Defendant and its representatives and agents acted in a lawful, legitimate non-discriminatory and non-retaliatory manner at all times relevant to this action.

5. Plaintiff suffered no damages, or in the alternative, any damages suffered by Plaintiff were not proximately caused by Defendant.

6. If Plaintiff suffered any damages, which is denied, Plaintiff may have failed to mitigate such damages.

7. Plaintiff is not entitled to punitive damages based on any claim.

8. To the extent that the Complaint seeks punitive damages, it violates Defendant's rights under the state and federal constitutions, including, but not limited to, rights to due process, equal protection and the right to protection from excessive fines.

9. Punitive damages are barred as a result of the policies of Defendant.

10. Plaintiff's damages, if any, were or may have been caused by her own actions and/or inactions.

11. Plaintiff's damages, if any, were or may have been caused by actions and/or omissions of those over whom Defendant had no control or right of control.

12. Liability, if any, is or may be barred by the intervening and/or superseding fault of Plaintiff.

13. Liability, if any, is or may be barred by intervening and/or superseding cause.

14. The losses and injuries alleged to have been sustained by Plaintiff were or may have been caused by the sole fault of Plaintiff and/or of those over whom Defendant had no control nor right of control.

SL1 1942928v2 030421.00826

15.  Notwithstanding Plaintiff's allegations of harassment and retaliation, the disputed personnel action would have been undertaken anyway.

16.  Plaintiff may have committed misconduct that limits any relief available to him.

17.  Punitive damages may not vicariously be imposed on Defendant.

18.  At all times relevant to this suit, Defendant's actions were in good faith with regard to Plaintiff and reasonable grounds existed for believing that actions were not in violation of any law.

19.  Some or all of Plaintiff's claims are barred under the principles of employer liability and affirmative defenses as set forth by the Supreme Court in Burlington Industries v. Ellerth, 524 U.S. 742 (1998) and Faragher  v. City of Boca Raton, 524 U.S. 806 (1998).

20.  Plaintiff did not, as a matter of law, hold a sincerely held religious belief.

21.  Plaintiff did not engage in good faith during the interactive process with respect to Plaintiff's requests for accommodations for her alleged sincerely held religious beliefs.

22.  At all times relevant to this suit, Defendant engaged in good faith during the interactive process with respect to Plaintiff's requests for accommodations for her alleged sincerely held religious beliefs.

23.  Plaintiff was not, as a matter of law, a qualified individual with a disability.

24.  Plaintiff did not engage in good faith during the interactive process with respect to Plaintiff's requests for accommodations for her alleged disabilities.

25.  At all times relevant to this suit, Defendant engaged in good faith during the interactive process with respect to Plaintiff's requests for accommodations for her alleged disabilities.

26.  Plaintiff did not, as a matter of law, engage in statutorily protected activity.

SL1 1942928v2 030421.00826

27.  Plaintiff's rights, if any, are or may be limited or barred by election of remedies.

28.  Defendant expressly reserves the right to assert any and all additional defenses as may be revealed by further investigation and discovery.

WHEREFORE, Defendant demands judgment in its favor:

(i)  Dismissing the Complaint with prejudice;

(ii)  Awarding Defendant its costs, disbursements, and reasonable attorney's fees; and

(iii)  Awarding Defendant such other and further relief as the Court deems just and proper.

Dated: August 22, 2023                     Respectfully submitted,

**STEVENS & LEE, P.C.**

By:  */s/ Brad M. Kushner*
Brad M. Kushner, Esq.
Alexander V. Batoff, Esq.
(*pending admission*)
STEVENS & LEE
A PA Professional Corporation
1500 Market Street, East Tower
18th Floor
Philadelphia, PA 19102
Phone:  (215) 751-1949
Fax:  (610) 371-7906
brad.kushner@stevenslee.com
alexander.batoff@stevenslee.com
*Attorneys for Defendant Teva Sales and Marketing, Inc.*

SL1 1942928v2 030421.00826

## <u>CERTIFICATE OF SERVICE</u>

I, Brad M. Kushner, certify that on this date, a copy of the foregoing Answer and

Affirmative Defenses to Plaintiff's First Amended Complaint was filed with the Court and was

served upon the following counsel for Plaintiff via ECF filing:


HURWITZ LAW PLLC
Noah S. Hurwitz, Esq. (P74063)
340 Beakes St. STE 125
Ann Arbor, MI 48104
(844) 487-9489
noah@hurwitzlaw.com
*Attorneys for Plaintiff Paula Caltrider*


Dated:  August 22, 2023                              **STEVENS & LEE, P.C.**

                                   By:      */s/ Brad M. Kushner*
                                            Brad M. Kushner, Esq.


SL1 1942928v2 030421.00826