UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAULA CALTRIDER,

       Plaintiff,

                                        Case No. 1:23-cv-536

v.

                                        HON. JANE M. BECKERING

TEVA SALES AND MARKETING, INC.,

       Defendant.
_____/

**MEMORANDUM OPINION AND ORDER**

Defendant Teva Sales and Marketing, Inc., has submitted a filing (ECF No. 117) requesting clarification on whether, after Plaintiff Paula Caltrider's acceptance of Defendant's Offer of Judgment under Federal Rule of Civil Procedure 68 (ECF No. 115), Defendant should "file a fee petition regarding its expenses incurred" as a result of Plaintiff's discovery violations (*see* Order Granting Motion for Sanctions, ECF No. 113).  The Court declines to order a fee petition or to set a briefing schedule on this point for the reasons stated more fully below.

### I.  BACKGROUND

Defendant filed its Motion for Sanctions on October 17, 2025 (*see* ECF No. 108). Defendant served its Offer of Judgment on Plaintiff that same day (*see* Offer of Judgment, ECF No. 115-1; Pl. Opp, ECF No. 111 at PageID.2615).  Defendant elected to include a broad fees and costs provision in its Offer of Judgment, stating that Defendant's offer was "inclusive of *all* costs, including reasonable attorney's fees as part of the costs" (ECF No. 115-1 at PageID.3068) (emphasis added).  Defendant did not specify that this fees and costs provision applied only to Plaintiff.  *Cf. Richard v. Caliber Home Loans, Inc.*, 832 F. App'x 940, 948 (6th Cir. 2020)

(interpreting a Rule 68 Offer of Judgment that specified its fees and costs provision applied only to the plaintiff's fees and costs).  On October 24, 2025, the Court granted Defendant's motion for sanctions and ordered that "Plaintiff's counsel shall pay the reasonable expenses, including attorneys' fees, caused by Plaintiff's failure to make complete responses to RFPs 10 and 12 in an amount to be determined after trial" (ECF No. 113 at PageID.3064).  Plaintiff accepted Defendant's Offer of Judgment approximately three hours later (*see* ECF Nos. 115 and 115-1).

## II.  MOTION STANDARD

"The district court retains no discretion under Rule 68 to alter the rule's sometimes severe application. Operation of Rule 68 is mandatory."  *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 295 (6th Cir. 1989); *accord Mallory v. Eyrich*, 922 F.2d 1273, 1279 (6th Cir. 1991) ("By directing that the clerk *shall* enter judgment after proof of offer and acceptance have been filed, the explicit language of the rule signifies that the district court possesses no discretion to alter or modify the parties' agreement.") (emphasis in original).  An "offer of judgment that satisfies a plaintiff's entire demand moots the case." *O'Brien v. Ed Donnelly Enterprises, Inc.,* 575 F.3d 567, 574 (6th Cir. 2009).  "Contract principles apply to Rule 68 offers."  *Sharpe v. Cureton*, 319 F.3d 259, 275 (6th Cir. 2003).  As relevant here and under applicable law, "contractual language is given its plain and ordinary meaning."  *Great Am. Ins. Co. v. E.L. Bailey & Co., Inc.*, 841 F.3d 439, 445 (6th Cir. 2016) (citing *Premier Ctr. of Canton, L.L.C. v. N. Am. Specialty Ins. Co.*, No. 297799, 2011 WL 5964611, at *4 (Mich. Ct. App. Nov. 29, 2011)); *accord CDK Glob., LLC v. Tulley Auto. Grp., Inc.*, 489 F. Supp. 3d 282, 313 (D.N.J. 2020) (interpreting New Jersey law to state the same); First Amended Complaint, ECF No. 7 at PageID.23 (noting that Plaintiff is a resident of Michigan and Defendant has its principal place of business in New Jersey).

### III.  DISCUSSION

Defendant elected to serve an Offer of Judgment under Federal Rule of Civil Procedure 68 on the same day that it filed its Motion for Sanctions (*see* Pl. Opp, ECF No. 111 at PageID.2615). Defendant further elected to include a fees and costs provision stating that its offer of $400,000 was "inclusive of *all* costs, including reasonable attorney's fees as part of the costs," and the Court must give that contractual language its plain and ordinary meaning.  *See* ECF No. 115-1 at PageID.3068) (emphasis added); *Sharpe*, 319 F.3d at 275.  Defendant did not include a carve-out provision in the Offer of Judgment to address any fees or costs that the Court might later award Defendant on its Motion for Sanctions, and given that Defendant chose to serve its offer concurrently with its Motion for Sanctions, these fees and costs must necessarily have been incurred on or before the date on which Defendant served its  Offer of Judgment.[1]  Defendant chose not to include language in the Offer of Judgment specifying that the fees and costs provision applied solely to Plaintiff's fees and costs.  *Cf. Richard v. Caliber Home Loans, Inc.*, 832 F. App'x 940, 948 (6th Cir. 2020) (affirming a district court's order declining to award fees because a party's "consent[] to terms of the Offer of Judgment means that his counsel cannot recover fees incurred after the date of the making of the Offer of Judgment. The question is not whether [one party's counsel] had the right to attorney's fees incurred after the Offer of Judgment under federal statute or Sixth Circuit case law; the question is whether his counsel had that right *after* [the opposing party] agreed to the Offer of Judgment[.]") (emphasis in original).  This Court is bound to enforce the plain language of Defendant's Offer of Judgment under Federal Rule of Civil Procedure 68.

---

[1] The Court notes that it did not hold oral argument on the Motion for Sanctions (*see* ECF No. 113).  Plaintiff accepted Defendant's Offer of Judgment hours after the Court entered its Sanctions Order on October 24, 2025—before Defendant took the additional discovery authorized by the Court, before the Court had determined the amount fees and costs associated with Plaintiff's discovery violations, and before Defendant had made any additional filings in this matter.

Accordingly:

**IT IS HEREBY ORDERED** in response to Defendant's filing (ECF No. 117) that the Court DECLINES to order a fee petition or set a briefing schedule associated with the amount of sanctions discussed in the Court's prior Order (ECF No. 113).

This case remains closed.

Dated:  October 31, 2025

/s/ Jane M. Beckering
JANE M. BECKERING
United States District Judge